[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 23, 1995 Date Application Filed May 31, 1995 Date of Decision November 28, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of New London.
Docket No. CR21-59792;
Carolyn O. Brotherton, Esq., Defense Counsel, for Petitioner. CT Page 14205
John Gravalec-Pannone, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner, who was 49 years of age at the time of sentencing, was convicted following a trial by jury of Sexual Assault, 1st degree, in violation of General Statutes § 53a-70
(a)(2) and Risk of Injury to a Minor, in violation of §53-21.
On March 10, 1994 Norwich police received a criminal complaint from the Department of Children Families of a sexual assault by the petitioner on the 10 year old daughter of his fiance earlier that day in her bedroom. The child reported the rape to school personnel. The child was taken to a hospital and seminal fluid matching that of the petitioner was found in her underpants.
The petitioner was sentenced to a term of 15 years, execution suspended after 10 years, with probation for 5 years on the Sexual Assault count, and to a concurrent term of 10 years on the Risk of Injury count, for a total effective sentence of 15 years, execution suspended after 10 years, with a 5 year term of probation.
Defense counsel argues that the sentence was disproportionately severe because the Court appeared to have considered the child's claim that he had similarly assaulted her in the past. A fair reading of the transcript does not substantiate this claim.
The sentencing court focused its comments on the seriousness of the crime, the long lasting effect it will have on the child, who was in foster care since reporting it. (The child's mother continued to reside with the offender until he was sentenced and CT Page 14206 took the position that her daughter lied about the charge.)
The petitioner adamantly maintained his innocence thus was deemed to be unlikely to benefit from rehabilitative services available to sex offenders.
The Division has reviewed this sentence in accordance with the provisions of Practice Book § 942, and has considered the positive aspects of the petitioner's background.
This was a crime of great severity for which a sentence of 30 years could have been imposed. The child was forced to endure the stress of repeating her humiliating experience to a group of strangers. The petitioner is in denial and resistant to treatment. The victim's life has been turned around and the petitioner it seems, could pose a threat to new victims.
This sentence was not disproportionate nor unreasonable. It is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision